The defendant was indebted to the plaintiff by a bond, upon which sundry payments had been endorsed. Upon a calculation of the balance due, it was found to be twenty-five dollars; when the defendant offered to give the plaintiff two small promissory notes in lieu of the bond. This was declined by the plaintiff, unless the defendant would endorse them. The defendant then told the plaintiff to take the notes and collect them; and if he failed to do so, that he, the defendant, would pay him the amount of *Page 226 
them. Upon this assurance, the plaintiff took the notes, and delivered up to the defendant his bond. One of these notes had been given upon a gaming consideration; and the other was subject to a credit at the time it was transferred to the plaintiff; so that, after exercising due diligence in attempting to render them available, the plaintiff was able to realize only five dollars from them. This action was brought on the agreement above mentioned, made when the notes were transferred to the plaintiff, upon his surrender of the bond to the defendant. The plaintiff had never given the defendant notice of his failure to collect the notes, and of his reliance upon him to take them up.
It was contended by the defendant, First, that notice by the plaintiff was indispensably necessary. Secondly, that the action being upon a guaranty, a single magistrate had no jurisdiction of it. Thirdly, that this was an agreement to pay the debt of another, and ought to be in writing.
The presiding judge being of opinion for the plaintiff, judgment was entered accordingly; and the defendant appealed.
— It seems to us, that the two first questions raised in this case, have already been decided in this Court. First, Was the plaintiff bound to give the defendant notice of his failure to obtain payment on the notes placed in his hands, before he brought his suit? In Grice v. Ricks, 3 Dev. Rep. 64, the Court said, "It is a general rule of law, founded on sound reason, that when the liability of one party is not absolute and direct, but is upon a collateral obligation, dependent upon and arising from certain things to be done by the other party, and being peculiarly within his knowledge, he who is to take benefit by the engagement, must give the other notice of what has been done, and that he is held liable. From the nature of things, notice is part of the agreement, and the debt does not arise before notice. It is of the nature of a special request; and must be alleged in the declaration, and *Page 227 
proved." The same doctrine is sanctioned in Sherrod v. Woodward, 4 Dev. 360. As to the second question, in O'Dwyer v. Cutler, 1 Dev. Rep. 312, the Court decided, that a single magistrate has no jurisdiction of actions founded upon a guaranty, unless the plaintiff may disregard the guaranty, and declares on the original consideration. Bell v. Ballance, 1 Dev. Rep. 391. Thirdly, we think the debt sued for by the plaintiff, was not, nor ever had been, the debt of any other person but the defendant. In law, it would be discharged in case the amount of the collateral securities, placed in the hands of the plaintiff to collect and make satisfaction, was lost by the negligence of the plaintiff. This case is not within our statute of frauds. The plaintiff did not give notice of his failure to collect the notes before he brought suit. The Court being mistaken in the law, there must be a new trial.
PER CURIAM. Judgment reversed.